## GENERAL EXPLOSIVE CO. v. HOUGH.

(Supreme Court, Special Term, New York County.   May 17, 1909.)

NE EXEAT (§ 3*)—RIGHT TO WRIT—CONTRACT FOR SKILLED SERVICES.

   Contracts with defendant for skilled services and inventions were the basis for the formation of a corporation and the expenditure of $50,000. After the works of plaintiff were destroyed by an explosion, defendant accepted a position with a rival company in Canada, though plaintiff alleged willingness to pay the stipulated compensation and carry out the contract.   *Held*, in an action to restrain defendant from breaching the contract and for damages, that plaintiff was entitled to a writ of arrest, under Code Civ. Proc. § 550, giving a right to arrest a defendant in a civil action, when the judgment which could be rendered would be ineffectual, if defendant left the state.

   [Ed. Note.—For other cases, see Ne Exeat, Dec. Dig. § 3.*]

Action by the General Explosive Company against Arthur Hough. Motion for writ of arrest.   Granted.

Crocker & Wickes, for plaintiff.
Herman D. Sears, for defendant.

DAYTON, J.   The preliminary contracts securing defendant's skilled knowledge, services, and inventions for five years was for the avowed purpose of forming plaintiff corporation.   That contract was carried out to the extent of an expenditure by plaintiff of upwards of $50,000, and defendant received his stipulated compensation and more for a considerable period.   An explosion occurred at plaintiff's works, utterly destroying its property.   Defendant thereupon accepted a proposition from a rival company in Canada, by whom he is now employed.   This action is brought for an injunction and damages for defendant's alleged breach of contract before its expiration, and this motion is made for an order of arrest under section 550, Code of Civil Procedure, a modern form of the writ of ne exeat.

Defendant claims that subsequently to said explosion plaintiff sold its remaining property, abandoned its business, and gave consent to his obtaining other employment.   He further says that he has not given and will not give to his present employers the benefit of any of his inventions covered by his agreements with plaintiff.   This is answered by showing that plaintiff has ever been, and still is, ready, willing, and able to utilize and pay for plaintiff's services, without which it cannot transact any business, and by explicitly denying any waiver of the agreement on defendant's part.   It seems to me that defendant is at fault.   Plaintiff's misfortune afforded no ground for his abandonment of a contract of which he was an essential factor, and which plaintiff has at all times stood, and now stands, ready to perform on its part.   On the record plaintiff is entitled to the relief asked.

Motion granted.   Settle order on notice.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes